UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| PANATIOTA G. GETSOS, | : | No. 19-11665 |
| Debtor | : | |

## OBJECTION OF FULTON BANK, N.A. TO CONFIRMATION OF CHAPTER 13 PLAN

Movant, Fulton Bank, N.A. ("Fulton"), by and through its attorneys, Barley Snyder, hereby files its objection to the confirmation of Debtor's Chapter 13 Plan, and in support thereof, avers as follows:

1.  The Debtor filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code on March 19, 2019 to Docket #19-11665, and was granted an Order for relief thereon.

2.  Fulton is the holder of a secured claim (the "Claim") by virtue of a Credit Agreement and Disclosure (Optionline-Primary Residence) dated January 31, 2011 in the maximum principal amount of One Hundred Thousand and 00/100 Dollars ($100,000.00).

3.  The Claim is secured by a second mortgage lien dated January 31, 2011 ("Mortgage") on the Debtor and George Getsos' ("Non-Filing Co-Debtor") principal residence, which is located at 1341 Wooded Knoll, West Chester, Chester County, Pennsylvania (the "Premises").

4. The Claim is itemized as follows:

| | |
|---|---|
| Principal | $ 97,000.00 |
| Interest to and including 3/19/19 | 12,333.81 |
| Fees and Costs | 1,164.63 |
| Total | $110,498.44 |

5. Fulton filed its Claim in this Chapter 13 case on May 10, 2019 with the United States Bankruptcy Court, as follows:

| | |
|---|---|
| Total of Secured Claim | $ 110,498.44 |
| Total of Pre-petition arrears | $ 12,810.80 |

6. The Debtor filed a Chapter 13 Plan (the "Plan") with a total base plan of $106,800.00.

7. The Debtor's Plan does not provide for payment of the pre-petition mortgage arrears to Fulton on the second mortgage claim. Debtor's Plan instead appears to value the collateral according to 11 U.S.C. §506 and provides for an allowed claim of $87,700.00.

8. While providing for an allowed claim of $87,700.00, the Debtor's Plan provides for payment of only $30,471.54 for Fulton's second mortgage claim.

9. Fulton objects to the Debtor's Plan and the proposed treatment of its second mortgage claim pursuant to 11 U.S.C. §506.

10. Furthermore, Fulton filed a Claim in this Chapter 13 case on account of its first mortgage claim, which recites a total indebtedness of $336,424.11 with pre-petition mortgage arrears totaling $193,468.13.

6925664.1

11. The Debtor's Plan does not adequately provide for the pre-petition mortgage arrears as claimed by Fulton on account of the first mortgage claim. 11 U.S.C. §1322(b)(5).

12. Schedules I and J, as filed by the Debtor, reflect negative net monthly income in the amount of -$3,015.00.

13. The Non-Filing Co-Debtor has no income.

14. Debtor's Plan is infeasible in its current form and, upon information and belief, the Debtor is unable to propose a confirmable Chapter 13 Plan due to her current debt load, available income and existing expenses.

15. For the reasons stated above, Fulton hereby objects to confirmation of said Plan.

WHEREFORE, the Objector, Fulton Bank, N.A., respectfully requests that confirmation of Debtor's Chapter 13 Plan be denied.

BARLEY SNYDER

Date: May 13, 2019      By: */s/ Joseph P. Schalk*_____
Joseph P. Schalk, Esquire
Attorneys for Movant,
Fulton Bank, N.A.
Court I.D. #91656
126 East King Street
Lancaster, PA 17602
(717) 299-5201

6925664.1