**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: : | |
| PANATIOTA G. GETSOS : | BK. No. 19-11665 MDC |
|     Debtor : | |
| : | Chapter No. 13 |
| FULTON BANK, N.A. : | |
|     Movant : | |
|     v. : | |
| PANATIOTA G. GETSOS : | |
|     Respondent : | |
| : | |

## OBJECTION OF FULTON BANK, N.A. TO CONFIRMATION OF THE DEBTOR CHAPTER 13 PLAN

Movant, **FULTON BANK, N.A.** (hereinafter referred to as "Movant"), by its attorneys Phelan Hallinan Diamond & Jones, LLP hereby objects to confirmation of the Debtor's Chapter 13 Plan as follows:

1. Movant is **FULTON BANK, N.A.**.

2. Debtor, PANATIOTA G. GETSOS, is the owner of the property located at 1341 WOODED KNOLLS, WEST CHESTER, PA 19382.

3. On April 29, 2019, Movant filed a Proof of Claim listing pre-petition arrears in the amount of $193,468.13.

4. Debtor's Plan currently provides for payment to Movant in the amount of $171,722.77. A copy of the Debtor's Plan is attached hereto as Exhibit A. Movant therefore objects to Debtor's Plan as it is underfunded. Debtor's Plan should be further amended to fully fund the arrears owed to Movant or Confirmation should be denied.

5. Debtor's plan provides for the monthly post-petition mortgage payment of $3,820.00. Movant objects to the Post-Petition mortgage payment as the actual payment amount is $5,098.26.

WHEREFORE, **FULTON BANK, N.A.** respectfully requests that this Honorable Court deny confirmation of the Debtor's Chapter 13 Plan.

Respectfully Submitted,

/s/ Robert J. Davidow, Esquire
Robert J. Davidow, Esq., Id. No.321821
Phelan Hallinan Diamond & Jones, LLP
1617 JFK Boulevard, Suite 1400
One Penn Center Plaza
Philadelphia, PA 19103
Phone Number: 215-563-7000 Ext
Fax Number: 215-568-7616
Email: Robert.Davidow@phelanhallinan.com

Dated: May 23, 2019

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| PANATIOTA G. GETSOS | : | BK. No. 19-11665 MDC |
| **Debtor** | : | |
| | : | Chapter No. 13 |
| FULTON BANK, N.A. | : | |
| **Movant** | : | |
| v. | : | |
| PANATIOTA G. GETSOS | : | |
| **Respondent** | : | |
| | : | |

## CERTIFICATE OF SERVICE

I hereby certify that service upon all interested parties, indicated below was made by sending a true and correct copy of the Objection of **FULTON BANK, N.A.**, to Debtor's Chapter 13 Plan pursuant to the above-captioned bankruptcy case by electronic means on May 24, 2019.

WILLIAM C. MILLER, ESQUIRE (TRUSTEE)
P.O. BOX 1229
PHILADELPHIA, PA 19105

PANAGIOTA G. GETSOS
1341 WOODED KNOLLS
WEST CHESTER, PA 19382

GARY E. THOMPSON, ESQUIRE
150 E. SWEDESFORD ROAD, 1ST FLOOR
WAYNE, PA 19087

UNITED STATES TRUSTEE
OFFICE OF THE U.S. TRUSTEE
833 CHESTNUT STREET, SUITE 500
PHILADELPHIA, PA 19107

        Respectfully submitted,

        /s/ Robert J. Davidow, Esquire
        Robert J. Davidow, Esq., Id. No.321821
        Phelan Hallinan Diamond & Jones, LLP
        1617 JFK Boulevard, Suite 1400
        One Penn Center Plaza
        Philadelphia, PA 19103
        Phone Number: 215-563-7000 Ext
        Fax Number: 215-568-7616
        Email:

May 24, 2019        Robert.Davidow@phelanhallinan.com

**PHELAN HALLINAN DIAMOND &
JONES, LLP**

1617 JFK Boulevard, Suite 1400
One Penn Center Plaza
Philadelphia, PA 19103
215-563-7000
Bankruptcy Fax # 215-568-7616

Robert J. Davidow, Esquire

Representing Lenders in
Pennsylvania

May 23, 2019

**GARY E. THOMPSON, ESQUIRE
150 E. SWEDESFORD ROAD, 1ST FLOOR
WAYNE, PA 19087**

**Movant:**       **FULTON BANK, N.A.**
**Re:**

      **Bankruptcy No.: 19-11665 MDC**

Dear Counselor:

    Enclosed is a true and correct copy of the Objection to Confirmation of Chapter 13 Plan, the original of which has been filed with the Court.

Sincerely yours,

/s/ Robert J. Davidow, Esquire
Robert J. Davidow, Esq., Id. No.321821
Phelan Hallinan Diamond & Jones, LLP
1617 JFK Boulevard, Suite 1400
One Penn Center Plaza
Philadelphia, PA 19103
Phone Number: 215-563-7000 Ext
Fax Number: 215-568-7616
Email: Robert.Davidow@phelanhallinan.com
enc

cc:     PANAGIOTA G. GETSOS
        WILLIAM C. MILLER, ESQUIRE (TRUSTEE)
        UNITED STATES TRUSTEE
        FULTON BANK, N.A. (LANCASTER, PA)
        ATTENTION: BANKRUPTCY DEPARTMENT
        ACCOUNT NO.: XXXXXX1080

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| PANATIOTA G. GETSOS | : | BK. No. 19-11665 MDC |
|     Debtor | : | |
| | : | Chapter No. 13 |
| FULTON BANK, N.A. | : | |
|     Movant | : | |
|     v. | : | |
| PANATIOTA G. GETSOS | : | |
|     Respondent | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2019, upon consideration of the Debtor Chapter 13 Plan, and the objection of FULTON BANK, N.A., and after hearing, it is hereby

**ORDERED** that confirmation of the Debtor Chapter 13 Plan is denied.

**BY THE COURT:**

_____
**MAGDELINE D. COLEMAN**
**U.S. Bankruptcy Judge**

WILLIAM C. MILLER, ESQUIRE (TRUSTEE)
P.O. BOX 1229
PHILADELPHIA, PA 19105

PANAGIOTA G. GETSOS
1341 WOODED KNOLLS
WEST CHESTER, PA 19382

GARY E. THOMPSON, ESQUIRE
150 E. SWEDESFORD ROAD, 1ST FLOOR
WAYNE, PA 19087

UNITED STATES TRUSTEE
OFFICE OF THE U.S. TRUSTEE
833 CHESTNUT STREET, SUITE 500
PHILADELPHIA, PA 19107

# Exhibit "A"

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | PANATIOTA G. GETSOS |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | EASTERN District of Pennsylvania (State) |
| Case Number | 19-11665 MDC |

Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form. Use this form to make a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

The law requires that filer **must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.
**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

FULTON BANK, N.A.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From Whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| FULTON BANK, N.A. | FULTON BANK, N.A. |
| Special Assets 5th Floor | Special Assets 5th Floor |
| One Penn Square | One Penn Square |
| Lancaster, PA 17604 | Lancaster, PA 17604 |
| City    State    Zip | City    State    Zip |
| Contact Phone _____ | Contact Phone _____ |
| Contact Email _____ | Contact Email _____ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one)

**4. Does this claim amend one already filed?**

☒ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____

Official Form 410                                                    **Proof of Claim**                                                    page 1

| 5. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☒ No<br>☐ Yes. Who made the earlier filing? _____ |

## Part 2: Give Information about the Claim as of the Date the Case Was Filed

| 6. | **Do you have any number you use to identify the debtor?** | ☐ No<br>☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 1080 |
|---|---|---|

| 7. | **How much is the claim?** | $336,424.11 | . **Does this amount include interest or other charges?**<br>☐ No<br>☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| 8. | **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach any document supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Money Loaned |

| 9. | **Is all or part of the claim secured?** | ☐ No<br>☒ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br><br>☒ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official form 410-A) with the *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: 1341 WOODED KNOLL, WEST CHESTER, PA 19382<br><br>**Basis for perfection:** Recorded Mortgage<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ _____<br>**Amount of the claim that is secured:** $ 336,424.11<br>**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $ 193,468.13<br><br>**Annual Interest Rate** (when case was filed) **3.125**%<br>☒ Fixed<br>☐ Variable |

| 10. | **Is this claim based on a lease?** | ☒ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____ |

| 11. | **Is this claim subject to a right to setoff?** | ☒ No<br>☐ Yes. Identify the property: _____ |

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☒ No | | Amount entitled to priority |
|---|---|---|---|---|
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check all that apply:* | | |
| | | ☐ Domestic support obligation (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $ |
| | | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family or household use. 11 U.S.C. § 507(a)(7). | | $ |
| | | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | | $ |
| | | *Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorized courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. § 152, 157 and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   April 23, 2019
MM / DD / YYYY

/s/ Thomas Song, Esquire
Signature

**Print the name of the person who is completing and signing this claim:**

| | | |
|---|---|---|
| Name | Thomas Song, Esq., Id. No.89834 | |
| | First name    Middle name    Last name | |
| Title | Attorney | |
| Company | Phelan Hallinan Diamond & Jones, LLP | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | |
| Address | 1617 JFK Boulevard, Suite 1400, One Penn Center Plaza | |
| | Philadelphia, PA 19103 | |
| Contact phone | 215-563-7000    Email   Thomas.Song@phelanhallinan.com | |

**Mortgage Proof of Claim Attachment** (12/15)

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions

| Part 1: Mortgage and Case Information | | Part 2: Total Debt Calculation | | Part 3: Arrearage as of Date of the Petition | | Part 4: Monthly Mortgage Payment | |
|---|---|---|---|---|---|---|---|
| Case Number: | 19-11665 MDC | Principal balance: | $254,010.22 | Principal & interest due: | $126,251.73 | Principal & interest: | $3,825.81 |
| Debtor 1: | PANATIOTA G. GETSOS | Deferred Principal: | $0.00 | Prepetition fees due: | $16,799.15 | Monthly escrow: | $1,272.45 |
| Debtor 2: | | Interest due: | $22,220.30 | Escrow deficiency for funds advanced: | $43,394.44 | Private mortgage insurance: | $0.00 |
| Last 4 digits to identify: | 1080 | Fees, costs due: | $16,799.15 | Projected escrow shortage: | $7,022.81 | Total monthly payment: | $5,098.26 |
| Creditor: | FULTON BANK, N.A. | Escrow deficiency for funds advanced: | $43,394.44 | Less funds on hand: | - $0.00 | | |
| Servicer: | FULTON BANK, N.A. | Less total funds on hand: | - $0.00 | Total prepetition arrearage: | $193,468.13 | | |
| Fixed accrual/daily simple interest/other: | Fixed Accrual | Total debt: | $336,424.11 | | | | |

**Part 5: Loan Payment History from First Date of Default:**

| | Account Activity | | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual Payment amount | C. Funds received | D. Amount Incurred | E. Description | F. Contractual Due Date | G. Prin. Int & esc past due balance | H. Amount to Principal | I. Amount to Interest | J. Amount to Escrow | K. Amount to Fees or Charges | L. Unapplied funds | M. Principal Balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges Balance | Q. Unapplied Funds Balance |
| 03/01/2016 | $3,825.81 | | | Payment Due | | $3,825.81 | | | | | | $266,585.55 | | $0.00 | $0.00 | $0.00 |
| 03/17/2016 | | | $191.29 | Late Charge | | $3,825.81 | | | | ($191.29) | | $266,585.55 | | $0.00 | $191.29 | $0.00 |
| 04/01/2016 | $3,825.81 | | | Payment Due | | $7,651.62 | | | | | | $266,585.55 | | $0.00 | $191.29 | $0.00 |
| 04/17/2016 | | | $191.29 | Late Charge | | $7,651.62 | | | | ($191.29) | | $266,585.55 | | $0.00 | $382.58 | $0.00 |
| 05/01/2016 | $3,825.81 | | | Payment Due | | $11,477.43 | | | | | | $266,585.55 | | $0.00 | $382.58 | $0.00 |
| 05/17/2016 | | | $191.29 | Late Charge | | $11,477.43 | | | | ($191.29) | | $266,585.55 | | $0.00 | $573.87 | $0.00 |
| 05/27/2016 | | $4,075.00 | | Payment Applied | 04/01/2016 | $7,651.62 | $3,131.58 | $694.23 | | $191.29 | $57.90 | $263,453.97 | | $0.00 | $382.58 | $57.90 |
| 06/01/2016 | $3,825.81 | | | Payment Due | | $11,477.43 | | | | | | $263,453.97 | | $0.00 | $382.58 | $57.90 |
| 06/17/2016 | | | $191.29 | Late Charge | | $11,477.43 | | | | ($191.29) | | $263,453.97 | | $0.00 | $573.87 | $57.90 |
| 07/01/2016 | $3,825.81 | | | Payment Due | | $15,303.24 | | | | | | $263,453.97 | | $0.00 | $573.87 | $57.90 |
| 07/01/2016 | | $3,902.11 | | Payment Applied | 05/01/2016 | $11,477.43 | $3,139.73 | $686.08 | | $134.20 | ($57.90) | $260,314.24 | | $0.00 | $439.67 | $0.00 |
| 07/17/2016 | | | $191.29 | Late Charge | | $11,477.43 | | | | ($191.29) | | $260,314.24 | | $0.00 | $630.96 | $0.00 |
| 07/29/2016 | | $3,984.20 | | Payment Applied | 06/01/2016 | $7,651.62 | $3,147.91 | $677.90 | | $158.39 | | $257,166.33 | | $0.00 | $472.57 | $0.00 |
| 08/01/2016 | $3,825.81 | | | Payment Due | | $11,477.43 | | | | | | $257,166.33 | | $0.00 | $472.57 | $0.00 |
| 08/17/2016 | | | $191.29 | Late Charge | | $11,477.43 | | | | ($191.29) | | $257,166.33 | | $0.00 | $663.86 | $0.00 |
| 08/19/2016 | | $3,840.00 | | Payment Applied | 07/01/2016 | $7,651.62 | $3,156.11 | $669.70 | | $14.19 | | $254,010.22 | | $0.00 | $649.67 | $0.00 |

Official Form 410    **Proof of Claim**    page 1

# Exhibit "B"

L.B.F. 3015.1

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re: **Panatiota G. Getsos**

Debtor(s)

Case No.: _____
Chapter 13

## Chapter 13 Plan

■ Original

☐ _____ Amended

Date: **March 19, 2019**

**THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE**

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-4. **This Plan may be confirmed and become binding, unless a written objection is filed.**

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU
MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE
NOTICE OF MEETING OF CREDITORS.**

### Part 1: Bankruptcy Rule 3015.1 Disclosures

☐   Plan contains nonstandard or additional provisions – see Part 9

■   Plan limits the amount of secured claim(s) based on value of collateral – see Part 4

☐   Plan avoids a security interest or lien – see Part 4 and/or Part 9

### Part 2: Plan Payment, Length and Distribution – PARTS 2(c) & 2(e) MUST BE COMPLETED IN EVERY CASE

**§ 2(a)(1) Initial Plan:**
    Total Base Amount to be paid to the Chapter 13 Trustee ("Trustee") $ **106,800.00**
    Debtor shall pay the Trustee $ **1,780.00** per month for **60** months; and
    Debtor shall pay the Trustee $_____ per month for _____ months.
☐ Other changes in the scheduled plan payment are set forth in § 2(d)

**§ 2(a)(2) Amended Plan:**
    Total Base Amount to be paid to the Chapter 13 Trustee ("Trustee") $_____
The Plan payments by Debtor shall consists of the total amount previously paid ($_____)
added to the new monthly Plan payments in the amount of $_____ beginning _____ (date) and continuing for _____ months.
☐ Other changes in the scheduled plan payment are set forth in § 2(d)

**§ 2(b)** Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):

**§ 2(c) Alternative treatment of secured claims:**
    ■ **None.** If "None" is checked, the rest of § 2(c) need not be completed.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                                            Best Case Bankruptcy

Debtor  **Panatiota G. Getsos**                                            Case number

☐ **Sale of real property**
See § 7(c) below for detailed description

☐ **Loan modification with respect to mortgage encumbering property:**
See § 4(f) below for detailed description

**§ 2(d) Other information that may be important relating to the payment and length of Plan:**

**§ 2(e) Estimated Distribution**

| | | | | |
|---|---|---|---|---:|
| A. | Total Priority Claims (Part 3) | | | |
| | 1. Unpaid attorney's fees | | $ | 1,500.00 |
| | 2. Unpaid attorney's cost | | $ | 0.00 |
| | 3. Other priority claims (e.g., priority taxes) | | $ | 0.00 |
| B. | Total distribution to cure defaults (§ 4(b)) | | $ | 64,148.46 |
| C. | Total distribution on secured claims (§§ 4(c) &(d)) | | $ | 30,471.54 |
| D. | Total distribution on unsecured claims (Part 5) | | $ | 0.00 |
| | Subtotal | | $ | 96,120.00 |
| E. | Estimated Trustee's Commission | | $ | 10,680.00 |
| F. | Base Amount | | $ | 106,800.00 |

## Part 3: Priority Claims (Including Administrative Expenses & Debtor's Counsel Fees)

**§ 3(a) Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:**

| Creditor | Type of Priority | Estimated Amount to be Paid |
|---|---|---:|
| Gary E. Thompson | Attorney Fee | $ 1,500.00 |

**§ 3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.**

■     **None.** If "None" is checked, the rest of § 3(b) need not be completed or reproduced.

## Part 4: Secured Claims

**§ 4(a) ) Secured claims not provided for by the Plan**

☐     **None.** If "None" is checked, the rest of § 4(a) need not be completed.

| Creditor | Secured Property |
|---|---|
| ☐ If checked, debtor will pay the creditor(s) listed below directly in accordance with the contract terms or otherwise by agreement **Ally Bank** | **2016 Hyundai Elantra 50000 miles** |

**§ 4(b) Curing Default and Maintaining Payments**

☐     **None.** If "None" is checked, the rest of § 4(b) need not be completed.

2

| Debtor | **Panatiota G. Getsos** | | Case number | |

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing in accordance with the parties' contract.

| Creditor | Description of Secured Property and Address, if real property | Current Monthly Payment to be paid directly to creditor by Debtor | Estimated Arrearage | Interest Rate on Arrearage, if applicable (%) | Amount to be Paid to Creditor by the Trustee |
|---|---|---|---|---|---|
| **Fulton Bank** | **1341 Wooded Knolls West Chester, PA 19382 Chester County** | **3,820.00** | Prepetition: $ **171,722.77** | **0.00%** | **$59,666.12** |

**§ 4(c) Allowed Secured Claims to be paid in full: based on proof of claim or pre-confirmation determination of the amount, extent or validity of the claim**

☐ **None.** If "None" is checked, the rest of § 4(c) need not be completed.

(1) Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the court will make its determination prior to the confirmation hearing.

(3) Any amounts determined to be allowed unsecured claims will be treated either: (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the court.

(4) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a) (5) (B) (ii) will be paid at the rate and in the amount listed below. *If the claimant included a different interest rate or amount for "present value" interest in its proof of claim or otherwise disputes the amount provided for "present value" interest, the claimant must file an objection to confirmation.\*

(5) Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

| Name of Creditor | Description of Secured Property and Address, if real property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Total Amount to be Paid |
|---|---|---|---|---|---|
| **Fulton Bank** | **1341 Wooded Knolls West Chester, PA 19382 Chester County** | **$87,700.00** | **0.00%** | **$545,000.00** | **$30,471.54** |
| **Knolls of Birmingham Singles Assc** | **1341 Wooded Knolls West Chester, PA 19382 Chester County** | **$0.00** | **0.00%** | **$545,000.00** | **$0.00** |

**§ 4(d) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506**

■ **None**. If "None" is checked, the rest of § 4(d) need not be completed.

**§ 4(e) Surrender**

■ **None.** If "None" is checked, the rest of § 4(e) need not be completed.

**§ 4(f) Loan Modification**

■ **None**. *If "None" is checked, the rest of § 4(f) need not be completed.*

Part 5:General Unsecured Claims

**§ 5(a) Separately classified allowed unsecured non-priority claims**

3

Debtor   **Panatiota G. Getsos**                              Case number

■    **None.** If "None" is checked, the rest of § 5(a) need not be completed.

**§ 5(b) Timely filed unsecured non-priority claims**

(1) Liquidation Test *(check one box)*

☐ All Debtor(s) property is claimed as exempt.

☐ Debtor(s) has non-exempt property valued at $_____ for purposes of § 1325(a)(4) and plan provides for distribution of $_____ to allowed priority and unsecured general creditors.

(2) **Funding: § 5(b) claims to be paid as follows** *(check one box)*:

■ Pro rata

☐ 100%

☐ Other (Describe)

## Part 6: Executory Contracts & Unexpired Leases

■    **None.** If "None" is checked, the rest of § 6 need not be completed or reproduced.

## Part 7: Other Provisions

**§ 7(a) General Principles Applicable to The Plan**

(1) Vesting of Property of the Estate *(check one box)*

■ Upon confirmation

☐ Upon discharge

(2) Subject to Bankruptcy Rule 3012, the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

(3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B), (C) shall be disbursed to the creditors by the debtor directly. All other disbursements to creditors shall be made to the Trustee.

(4) If Debtor is successful in obtaining a recovery in personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor or the Trustee and approved by the court..

**§ 7(b) Affirmative duties on holders of claims secured by a security interest in debtor's principal residence**

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

4

Debtor     **Panatiota G. Getsos**                    Case number

(6) **Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.**

**§ 7(c) Sale of Real Property**

■ **None**. If "None" is checked, the rest of § 7(c) need not be completed.

(1) Closing for the sale of __ (the "Real Property") shall be completed within months of the commencement of this bankruptcy case (the "Sale Deadline"). Unless otherwise agreed, each secured creditor will be paid the full amount of their secured claims as reflected in § 4.b (1) of the Plan at the closing ("Closing Date").

(2) The Real Property will be marketed for sale in the following manner and on the following terms:

(3) Confirmation of this Plan shall constitute an order authorizing the Debtor to pay at settlement all customary closing expenses and all liens and encumbrances, including all § 4(b) claims, as may be necessary to convey good and marketable title to the purchaser. However, nothing in this Plan shall preclude the Debtor from seeking court approval of the sale of the property free and clear of liens and encumbrances pursuant to 11 U.S.C. § 363(f), either prior to or after confirmation of the Plan, if, in the Debtor's judgment, such approval is necessary or in order to convey insurable title or is otherwise reasonably necessary under the circumstances to implement this Plan.

(4) Debtor shall provide the Trustee with a copy of the closing settlement sheet within 24 hours of the Closing Date.

(5) In the event that a sale of the Real Property has not been consummated by the expiration of the Sale Deadline:

## Part 8: Order of Distribution

**The order of distribution of Plan payments will be as follows:**

**Level 1**: Trustee Commissions*
**Level 2**: Domestic Support Obligations
**Level 3**: Adequate Protection Payments
**Level 4:** Debtor's attorney's fees
**Level 5:** Priority claims, pro rata
**Level 6:** Secured claims, pro rata
**Level 7:** Specially classified unsecured claims
**Level 8:** General unsecured claims
**Level 9:** Untimely filed general unsecured non-priority claims to which debtor has not objected

*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.

## Part 9: Nonstandard or Additional Plan Provisions

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked. Nonstandard or additional plan provisions placed elsewhere in the Plan are void.

■ **None.** If "None" is checked, the rest of § 9 need not be completed.

## Part 10: Signatures

By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan.

Date:   **March 19, 2019**                          /s/ Gary E. Thompson
                                                    **Gary E. Thompson**
                                                    Attorney for Debtor(s)

If Debtor(s) are unrepresented, they must sign below.

5

Debtor    **Panatiota G. Getsos**                                                    Case number

Date:    **March 19, 2019**                              **/s/ Panatiota G. Getsos**
                                                         **Panatiota G. Getsos**
                                                         Debtor

Date:                                                    

                                                         Joint Debtor

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy